Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTO ARCHIVE, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>QUADRILLE WALLPAPERS AND FABRICS, INC, a New York corporation, individually and d/b/a "QUADRILLEFABRICS.COM"; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Otto Archive, LLC ("Otto") hereby prays to this Court for relief based on the following allegations:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. OTTO is a New York limited liability company

5. Plaintiff is informed and believes and thereon alleges that Defendant Quadrille Wallpapers and Fabrics, Inc. ("Quadrille"), is a New York corporation with a principal place of business located at 52 Corporate Circle, Suite 207, Albany, NY, 12203, and maintains a showroom within this District located at 8687 Melrose Avenue Suite B629 Los Angeles, CA 90069. Quadrille is the owner, operator, and/or controller of the website quadrillefabrics.com and its related/affiliated subdomains, mobile websites, social media pages (including Quadrille's Facebook, Instagram, and Twitter pages), and applications (collectively, "Quadrille's Platform").

6. Upon information and belief, Defendants DOES 1 through 10 ("DOE Defendants") (collectively with Quadrille, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full

knowledge of all the facts and circumstances of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## INFRINGEMENT OF
## THE COPYRIGHTS IN THE SUBJECT PHOTOGRAPHS

8. By virtue of contractual assignments with the respective photographers, Plaintiff is the sole and exclusive agent and representative for the licensing and use of certain original photographs (the "Subject Photographs"). Pursuant to that assignment, Plaintiff has standing to maintain this action under 17 U.S.C. § 501(b). The Subject Photographs are registered with the U.S. Copyright Office. The Subject Photographs and their corresponding titles, photographers, and registration numbers are set forth in **Exhibit 1**.

9. Following the publication and display of the Subject Photographs, Quadrille copied, published, displayed, created derivative works of, distributed, and/or otherwise used the Subject Photographs on Quadrille's Platform without a license, authorization, or consent (collectively, the "Accused Posts"). Screen captures of the Accused Posts are set forth in **Exhibit 2**.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

10. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

11. Upon information and belief, Defendants, and each of them, had access to the Subject Photographs, including through viewing the Subject Photographs on OTTO's or the Photographers' websites, social media pages, galleries, or exhibitions; or on Internet search engines or third-party websites.

12. Upon information and belief, Defendants, and each of them, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise used copies of the Subject Photographs on Quadrille's Platform without a license, authorization, or consent from OTTO.

13. Due to Defendants' acts of copyright infringement, OTTO has suffered damages in an amount to be established at trial.

14. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, OTTO is entitled to disgorgement of Defendants' profits attributable to the infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

15. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement with actual or constructive knowledge of, or in reckless disregard of, the Photographers' and/or OTTO's rights in the Subject Photographs, which renders those actions willful, intentional, or malicious.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

16. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

17. Upon information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Accused Posts on affiliate, third-party, and social media sites; and distributing the Accused Posts to third-parties and the public.

18. Upon information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants,

and each of them, received revenue in connection with the Accused Posts, and were able to supervise the distribution, broadcast, and publication of said content.

19. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

21. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from using the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs, including an Order requiring Defendants, and each of them, to remove the Subject Photographs from Quadrille's Platform and any/all computers and servers in Quadrille's possession, custody, or control;

    b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to the infringement of the copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

    c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

    d. That Plaintiff be awarded pre-judgment interest as allowed; and,

    e. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER/BURROUGHS

Dated: March 14, 2023          By:   /s/ *Stephen M. Doniger*
                                                               Stephen M. Doniger, Esq.
                                                               Benjamin F. Tookey, Esq.
                                                               *Attorneys for Plaintiff*